(82 South. 493)

PATTERSON v. GILLILAND.   (6 Div. 931.)

(Supreme Court of Alabama.   June 26, 1919.)

1. HUSBAND AND WIFE ⬁133½—DEBTS OF HUSBAND—SEPARATE PROPERTY OF WIFE.

Whether cotton levied upon by judgment creditor of husband was the property of the husband or his wife claiming right thereto under Code 1907, § 6039, held under evidence for the jury.

2. HUSBAND AND WIFE ⬁149(1)—DEBTS OF HUSBAND—WIFE'S SEPARATE PROPERTY.

The separate property of the wife, including her earnings, is not subject to the liabilities of the husband, in view of Code 1907, §§ 4486–4504.

3. HUSBAND AND WIFE ⬁149(1)—DEBTS OF HUSBAND—WIFE'S SEPARATE PROPERTY.

In view of Code 1907, §§ 4486–4504, the wife may take a lease of land and conduct farming operations with the same legal sanction as the husband, enjoying the fruits of her enterprise as if she were sole.

4. HUSBAND AND WIFE ⬁149(1)—DEBTS OF HUSBAND—WIFE'S SEPARATE PROPERTY.

If the cotton in suit became under the law the separate property of wife, any purpose she may have entertained in growing it, ulterior to her purpose to provide subsistence for herself and family, was of no legal consequence and could have no effect to hinder, delay, or defraud the creditors of her husband.

5. HUSBAND AND WIFE ⬁149(1)—DEBTS OF HUSBAND—PROPERTY SUBJECT.

If arrangement under which wife raised cotton was a mere device to conceal real ownership of husband, the cotton was subject to be sold for satisfaction of husband's debts.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action between J. R. Patterson, plaintiff in execution, Marion Gilliland, defendant in execution, and Mrs. S. E. Gilliland, claimant. Judgment for claimant, and plaintiff appeals. Affirmed.

The following charges were refused for plaintiff:

(2) If you are reasonably satisfied that the claimant made the rental contract with A. S. Bains for the year 1918 with the knowledge and assent of her husband, Marion Gilliland, for the purpose of hindering, delaying, or defrauding the plaintiff in the collection of his judgment against her husband, Marion Gilliland, then your verdict should be for the plaintiff.

(3) If the claimant with the knowledge and assent of her husband, Marion Gilliland, while they were living together as husband and wife, made a rental contract with A. S. Bains for the year 1918 for the lands upon which to make a crop, and she and her husband together with their minor children while living on the land, and while the claimant and her husband were living together as husband and wife, and while their minor children were living with them as members of their family, made the cotton in question on said land under said rental contract, and said rental contract was made by the said claimant in her own name for the purpose of hindering and delaying the plaintiff from collecting his judgment which is in evidence, then I charge you that the title to said crops, so far as the claimant and her husband, Marion Gilliland, are concerned, is in Marion Gilliland, and your verdict should be for the plaintiff.

Russell & Johnson, of Oneonta, for appellant.

M. L. Ward, of Birmingham, for appellee.

SAYRE, J. [1] This was a trial of the right of property under the statute. Code, § 6039. Appellant, a judgment creditor of Marion Gilliland, procured an execution to be levied on 17 bales of cotton. Appellee, wife of the defendant in execution, intervened according to the statute, asserting that the cotton was her property and not liable for the debt of her husband. She adduced evidence tending to show that she entered into a contract of rental for the land on which the cotton was grown, procured on her credit advances of goods and money with which to cultivate the crop, employing therein laborers, her husband and her children among others, and farm animals and utensils which she had bought with her money. Appellant showed his debt, of course, and that the contract for the rental of the land had been negotiated in part by the defendant in execution, though professing to act as agent for his wife. Some other circumstances pro and con were in evidence, but the foregoing will suffice to show the nature of the issue between the parties. The trial court submitted to the jury whether the cotton was the property

---

⬁For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the husband or the wife. and gave and refused instructions in writing requested by the parties.

[2-5] Some general observations will suffice for a proper disposition of the cause. With some exceptions which do not affect the question at issue, the wife is sui juris. All the property of the wife, including her earnings, is her separate property, and is not subject to the liabilities of the husband. With some exceptions of no consequence in this cause, she has full legal capacity to contract as if she were sole. Code, c. 95. It follows, necessarily, that she may take a lease of land and conduct farming operations with the same legal sanction as the husband, enjoying the fruits of her enterprise as if she were sole, and whether in this case she so did and was so entitled was a question for the jury. And if the cotton in suit became under the law the separate property of appellee, any purpose she may have entertained in growing it, ulterior to her purpose to provide subsistence for herself and family, even her husband, was of no legal consequence and could have no effect to hinder, delay, or defraud the creditors of her husband; for, in the language of the statute, it was not subject to his liabilities. Charges 2 and 3, requested by appellant, asserted, in effect, then, that the knowledge and assent of the husband was enough to invalidate the operations of the appellee, and, if maintained by the courts, would reduce the wife to that state of vassalage and dependence which was hers before the enactment of the various enabling statutes which now comprise chapter 95 of the Code. This, in effect, the trial court told the jury, at the same time very properly instructing them that, if the arrangement under which the cotton was raised was a mere device to cover and conceal the real ownership of the husband, the property levied upon was subject to be sold for the satisfaction of his debt. The issue made between the parties was for the jury, as we have already said, and the court below correctly so ruled both at the trial and on the motion for a new trial.

Other charges assigned for error need no specific treatment. There was no error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.